Ernest G. and Stella **BLACKER**,
Plaintiff,

v.

**OLDSMOBILE DIVISION, GENERAL
MOTORS CORPORATION,**
Defendant.

Civ. A. No. 93–3851.

United States District Court,
E.D. Pennsylvania.

Oct. 24, 1994.

Richard F. Stevens, Herbert Rafner, Stevens & Johnson, Allentown, PA, for plaintiff.

Francis J. Grey, Jr., Joseph E. O'Neil, Lavin, Coleman, Finarelli & Grey, Philadelphia, PA, for defendant.

## *MEMORANDUM AND ORDER*

HUYETT, District Judge.

### I. *INTRODUCTION*

Ernest G. Blacker ("Plaintiff"), suing on his own behalf and as executor of his wife's estate, alleges that, because of product defects, his 1989 Oldmobile 98 accelerated in reverse and struck a house, causing personal injuries. One of the defects alleged is that, when the Oldsmobile struck the house, the front seats collapsed rearward.

General Motors, Oldsmobile Division ("Defendant") now moves the Court to admit evidence that the seat design at issue has structural characteristics which meet or exceed the requirements of Federal Motor Vehicle Safety Standards ("FMVSS") 202 and 207. For the following reasons, Defendant's motion is **GRANTED.**

### II. *DISCUSSION*

■ Federal Motor Vehicle Safety Standards are admissible in Pennsylvania strict products liability cases. *Jackson v. Spagnola,* 349 Pa.Super. 471, 478, 503 A.2d 944, 948 (1986), *appeal denied,* 514 Pa. 643, 523 A.2d 1132 (1987).

■ Plaintiff argues that FMVSS are essentially the same as industry customs or standards. Plaintiff contends that admitting evidence that a product complied with

FMVSS would impermissibly introduce the negligence concept of a manufacturer's due care and might mislead the jury.

■ Pennsylvania courts have accepted this argument and held some industry customs or standards inadmissible in strict products liability actions. *See Lewis v. Coffing Hoist*, 515 Pa. 334, 528 A.2d 590 (1987) (ASME standards which were silent on alleged defect and evidence of design feature which was customary in the industry inadmissible); *Majdic v. Cincinnati Machine Co.*, 370 Pa.Super. 611, 537 A.2d 334 (1988) (ANSI standard inadmissible to prove prior industry custom); *Carrecter v. Colson Equipment Co.*, 346 Pa.Super. 95, 499 A.2d 326 (1985) ("state-of-the-art" or engineering know-how generally available to defendant inadmissible). The cases show that the relevant question for admissibility is whether the standard relates to the level of care the manufacturer exercised or to the ultimate fact to be proved, the safety of the product.

FMVSS are easily distinguished from the standards excluded in Pennsylvania. Unlike cases in which the standard being considered was silent on the alleged defect, *see e.g. Lewis*, 528 A.2d at 591, the FMVSS speak directly to an alleged defect in this case, the seatback of the automobile in which the Plaintiffs were injured. Unlike industry customs, standards advanced by professional associations, or even other governmental standards, FMVSS are mandatory federal standards expressly intended to enhance the safety of automobiles. *Kolbeck v. General Motors Corp.*, 702 F.Supp. 532, 535 (E.D.Pa. 1988), *aff'd*, 950 F.2d 722 (3rd Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992).

■ Because compliance is mandatory, FMVSS do not reflect a manufacturer's voluntary choice to exercise a particular level of care. FMVSS will not validate the level of care the manufacturer exercises since they are usually no shield to common law liability, however they are promulgated with the force of law and may preempt product liability actions in some circumstances. *Pokorny v. Ford Motor Co.*, 902 F.2d 1116, 1123 (3rd Cir.1990); *Kolbeck*, 702 F.Supp. at 542. Where a plaintiff's cause of action is not entirely preempted, FMVSS may bar claims that a product lacks a *particular* element necessary to make it safe for its intended use. *Verna v. U.S. Suzuki Motor Corp.*, 713 F.Supp. 823, 827 (1989) (FMVSS forbid manufacturer from selling product with modulating rather than steady-burning headlamp).

Where FMVSS either bar a products liability action entirely or preclude claims that the lack of a particular feature rendered a product unsafe, they establish a definitive judgment on the safety of the product. It would defy logic to suggest that, in cases where their legal effect is simply less conclusive, FMVSS are wholly irrelevant to the safety of the product.

## III. CONCLUSION

Being unable to agree with Plaintiff that FMVSS relate to the reasonableness of the manufacturer's conduct rather than the safety *vel non* of the product, the Court will follow Pennsylvania's judgment that FMVSS "compliance is of probative value in determining whether there was a defect." *Jackson*, 503 A.2d at 948. Defendant may present evidence to show that the 1989 Oldsmobile involved in this case complied with applicable Federal Motor Vehicle Safety Standards. An appropriate Order follows.

### ORDER

Upon consideration of Defendant's motion *in limine* to admit evidence of and the argument of the parties in support of and in opposition thereto, Defendant's motion is **GRANTED.**

**IT IS SO ORDERED.**